UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON D. EDWARDS,

    Plaintiff,

    v.    CAUSE NO. 3:24-CV-513-JTM-JEM

PILAGMA,

    Defendant.

OPINION and ORDER

Jason D. Edwards, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Edwards alleges that, on March 23, 2024, between 1:00 and 2:30 a.m., when officers were conducting an emergency count, an incident occurred between an officer and an inmate. (DE # 1 at 2.) He states that a signal was called, and officers entered his dorm. *Id*. Edwards asserts he had "words" with an officer and the next thing he knew Sgt. Pilagma pushed him against the wall and told him to "shut the **** up." *Id*. He then grabbed Edwards by the neck and pushed his face against the window. *Id*. Sgt. Pilagma

handcuffed Edwards and took him to the dayroom and pushed him against the wall again. *Id*. Edwards could see through the dayroom window that there were officers fighting with inmates. *Id*. Once Sgt. Pilagma knew Edwards was not going to join in the fight, Sgt. Pilagma pushed him over the seat of the dayroom table, which caused him to cut his shins on the seat, hit his lower back, and land on the floor on his hands while he was handcuffed. *Id*. at 2-3. While Edwards was still on the floor, Sgt. Pilagma told him to get up even though he had pushed him down. *Id*. at 3. Edwards refused to get up because he thought Sgt. Pilagma would push him down again. *Id*. Sgt. Pilagma then grabbed his taser, pointed it in Edwards's face, and deployed it. *Id*. Edwards sought medical treatment for his injuries, but asserts when he went to the medical unit he was told there was no one who could help him because it was the weekend. *Id*.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It

2

is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890. Here, additional fact finding may demonstrate that the force used against Edwards was not excessive but, giving him the inferences to which he is entitled at this stage of the case, he has stated a claim of excessive force against Sgt. Pilagma.[1]

For these reasons, the court:

(1) GRANTS Jason D. Edwards leave to proceed against Sgt. Pilagma in his individual capacity for compensatory and punitive damages for using excessive force against him on March 23, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

---

[1] To the extent Edwards has sued Sgt. Pilagma in his official capacity, a state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Rasho v. Jeffrys*, 22 F.4th 703, 712 (7th Cir. 2022) (outlining the limited forms of injunctive relief available in the prison setting). Because there is no ongoing constitutional violation, Edwards cannot proceed on a claim for injunctive relief against Sgt. Pilagma.

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Pilagma at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Pilagma to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: November 5, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4